UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN HARDEN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:13-cv-1160-JMS-DKL |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

**I.**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Measured against this standard, Calvin Harden's challenge to the disciplinary proceeding identified as No. IYC 13-04-0125, in which he was charged with and found guilty of destruction of state property, fails. Specifically: (1) the conduct report contains the reporting officer's first-hand account of damage to the mattress on April 11, 2013; (2) Harden received a copy of the

conduct report in advance of the hearing; (3) a hearing was conducted on April 20, 2013; (4) Harden was present at the hearing and made a statement concerning the charge; (5) the evidence requested by Harden was considered by the hearing officer, except for statements from two inmates who refused to give statements; (6) the hearing officer's report identifies the evidence considered in making a decision; and (7) the hearing officer's report includes a statement of the reasons for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Harden to the relief he seeks. Accordingly, his petition for a writ of habeas corpus is **denied** and this action is dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/02/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Calvin Harden
230560
1 Park Row
Michigan City, IN 46360

All electronically registered counsel